State v. Collins

tutional right of appeal from verdict and judgment and that an appeal by *Writ of Certiorari* at this late date still results in denial of fundamental constitutional rights because if I am successful on said appeal, a new trial eighteen (18) months later would be inherently unfair, etc.

/s/ Curtis Lee Lovings"

*Robert Morgan, Attorney General, by William W. Melvin, Assistant Attorney General; T. Buie Costen, Assistant Attorney General, for the State.*

*Worth B. Folger for defendant appellant.*

STATE OF NORTH CAROLINA v. JOSEPH COLLINS

No. 68

(Filed 13 October 1971)

APPEAL by defendant from *McLean, J.,* at February 1, 1971 Schedule "A" Criminal Session of MECKLENBURG Superior Court, transferred for initial appellate review by the Supreme Court under general order of July 31, 1970, entered pursuant to G.S. 7A-31(b)(4).

*Attorney General Morgan, Assistant Attorney General Lake and Staff Attorney Price for the State.*

*Warren D. Blair for defendant appellant.*

BOBBITT, Chief Justice.

Indicted for the first degree murder of Inez Shropshire on November 14, 1970, defendant, in open court and through his counsel, tendered a plea of guilty of murder in the second degree, which plea was accepted by the State.

Defendant was also charged in a warrant with assault with a deadly weapon, to wit, a shotgun, on Wesley Mae Daniels, on November 14, 1970. After trial, conviction and judgment in the district court, defendant appealed to the superior court for hearing *de novo*. In the superior court, defendant, in open court and through his counsel, entered a plea of guilty.

Defendant was also charged in a warrant with assault with a deadly weapon, to wit, a shotgun, on Maggie Hood, on November 14, 1970. After trial, conviction and judgment in the district court, defendant appealed to the superior court for hearing *de novo*. In the superior court, defendant, in open court and through his counsel, entered a plea of guilty.

Based on defendant's statements in open court under oath, in response to questions by the court, and upon testimony as to what occurred on November 14, 1970, with reference to the criminal offenses charged in the indictment and warrants, the court, in each case, made the following adjudication: "(T)he Court ascertains, determines and adjudges, that the plea of guilty by the defendant is freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. It is, therefore, ORDERED that his plea of guilty be entered in the record, and that the Transcript of Plea and Adjudication be filed and recorded."

Defendant's statements and the evidence fully support the court's findings and defendant's pleas. It is noted that the evidence presented by the State included testimony sufficient to have supported a verdict of guilty of murder in the first degree of Inez Shropshire.

For the murder of Inez Shropshire, the court pronounced judgment "that the defendant be confined in the State's Prison to be assigned to work under the supervision of the State Department of Correction for a period of thirty years."

For the assault on Wesley Mae Daniels, the court pronounced judgment which imposed a sentence of six months, to

commence at the expiration of the sentence imposed in the murder case.

For the assault on Maggie Hood, the court pronounced judgment which imposed a sentence of six months, to commence at the expiration of the sentence imposed for the assault on Wesley Mae Daniels.

Defendant excepted to each judgment and appealed.

On appeal, defendant makes no contention as to any error of law committed in connection with any one of the three judgments. It appears the appeal was perfected by counsel at defendant's request and solely on the ground defendant contended the punishment was too severe. Whether this contention has merit should be addressed to the Board of Paroles. There being no legal error, the judgments must be and are affirmed.

Affirmed.